# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACKYE HUSMANN; and<br>GARY HUSMANN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CIV-14-1436-R |
| SUNDANCE ENERGY, INC.,<br>SUNDANCE ENERGY OKLAHOMA,<br>LLC, d/b/a SEO, LLC; and TERRA<br>OILFIELD SERVICES, LLC., | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. No. 50), filed by Defendant Terra Oilfield Services, LLC. Plaintiffs responded in opposition to the motion and Defendant has filed a reply. Having considered the parties' submissions, the Court finds as follows.[1]

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute [about] any material fact" and that it "is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court views the evidence and draws inferences in the light most favorable to the non-movant. *Nahno–Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir.2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F .3d 1243, 1245–46 (10th Cir.2010)). A disputed "issue of fact is 'genuine' 'if the evidence is such that a reasonable

---

[1] Plaintiff Jackye Husmann seeks relief based on her injuries. Plaintiff Gary Husmann, her spouse, alleged loss of consortium claims. Because the motion is directed to whether Defendant owed Plaintiff Jackye Husmann a duty, the Court will refer to Plaintiff in the singular throughout.

jury could return a verdict for the non-moving party' on the issue." *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And an "issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson*, 477 U.S. at 248)). Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. To the contrary, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed.R.Civ.P. 1).

This case stems from injuries received by Plaintiff Jackye Husmann on January 3, 2014, when she was attempting to retrieve her mail from her mailbox. Plaintiff, who resides in Guthrie, Oklahoma, on ten acres of property, pulled into her gravel and dirt driveway and stopped her vehicle. Leaving the car running, she exited her car into the dark evening, it was approximately 6:15 p.m., and headed toward the roadway and her mailbox. On her way, her left foot became trapped under a hose, causing her to fall to the ground. The issue presented by the parties with regard to Defendant Terra Oilfield Services, LLC, is whether Terra, which had placed the hose across Plaintiff's driveway, is responsible for her injuries. Defendant denies that it owed a duty to Plaintiff, citing Oklahoma premises liability law regarding open and obvious dangers. Plaintiff does not argue that despite the fact that she and her husband, not Defendant, are the landowners, that premises liability law applies. Plaintiff argues, however, that recent developments in Oklahoma law provide applicable exceptions to the defense that the hose was open and obvious.

The parties do not dispute that sometime between December 12 and 14, 2013,

Defendant Terra placed a hose across the dirt and gravel driveway that led from Broadway, the road running perpendicular to the driveway, to Plaintiffs' residence. The hose was approximately four inches wide and between one and one-and-one half inches thick when not running water, but expanded to eight inches diameter when in use. The hose was intended to supply water for use in fracking operations and was part of a series of connected hoses that ran in excess of three miles.

Plaintiff first became aware of the hose when she returned from work one evening in December and found herself unable to utilize her driveway by reason of some unknown obstruction. "I came home - I don't' remember the date, but it was in December - and I hit something in the drive. It was dark. . . . [M]y car wouldn't go, and so I backed up, and I could see this big black pipe or hose." Husmann depo. p. 69. The next day Plaintiff called a county commissioner and informed him that her children were coming for Christmas and would be unable to navigate over the hose in their small cars. She asked him to determine who had placed the hose there.[2]

Plaintiff's inquiries to the county commissioner apparently resulted in a solution.

```
Q:     Was the situation fixed?
A:     Yes.
Q:     How so?
A:     They drug a - - dug a trench and buried it part way, threw dirt
```

---

[2] There is no dispute that the hose was placed in an easement owned by the City of Guthrie and that permits were issued with regard to the hose. Plaintiff argues that the party listed on the Application for Permit was "WT3 Water Solutions" not Terra. However, the email address for the contractor's contact person listed on the permit is a Terra email address, and although the parties do not identify his position, a letter written by Mr. Nilson, the contact person, indicates that he was Regional Project Manager for Terra. WT3 was named a Defendant but dismissed by Plaintiff, apparently after Terra acquired its assets.

over it.

Husmann depo. p. 76.[3] Her testimony indicated that the dirt placed on the hose did not fully cover it. Tr. 78.[4] Plaintiff testified that after the hose was buried, she could nevertheless feel a bump when driving over it, if it was inflated. Husmann depo. p. 77-78. She further testified that if the hose was deflated she could not feel an indentation in the drive. Hussman depo. p 78. The hose was apparently inflated and deflated as needed to supply water to the site during the month of December and into January. Plaintiff, and presumably anyone who used the driveway, was able to do so without incident until January 3, 2014.

On that day Plaintiff left for work in the morning. She testified that she could not see the hose, or more specifically that she was not paying attention, as she drove across, but it was deflated when she left. Husmann depo. p. 88-89. When she returned around 6:15 p.m. she stopped her car after passing over the hose, which she was able to feel as she crossed it, intending to walk back to the road to get the mail from the mailbox.[5] Husmann depo. p. 91. "I opened the door and I got out and I headed towards the mailbox. . . and all of a sudden, my

---

[3] Exactly who buried the hose is impossible to discern from the evidence submitted by the parties. Plaintiff does not dispute that a trench was created and that dirt was placed on top of the hose. Employees of Defendant Terra appear confused as to who actually dug the trench.

[4] Plaintiff placed a second call to her county commissioner after the trench inquiring why her driveway was not given a ramp/low profile passage over the hose like neighboring properties received. Defendant indicates that it originally believed the land was pasture land due to the presence of cattle, gates, and a cattle guard combined with the inability to view the residence from the roadway, despite the presence of a mailbox.

[5] Plaintiff testified that she usually stopped to get the mail before pulling into the driveway. Husmann depo. p. 89. She did not do so on January 3, because it required her to pull onto the opposite side of the road and that night there was a car approaching from her front and one behind her, so she pulled into the driveway. *Id.* at p. 89-90.

foot got caught, and I fell. . . . *Id.* at p. 93. "My foot caught under an eroded place on the pipe." *Id.* at p. 94. Plaintiff admitted she knew the hose was on the driveway, but indicated she was not entirely sure where, having not walked the driveway in the weeks since the hose had been there. *Id.* at p. 196. She further testified when asked if she would have been able to see the pipe had she been exercising heightened caution while attempting to walk through the dark Plaintiff explained:

> I don't think that I would have taken the time, because it was cold to me, and I just was heading to the mailbox. I mean, I was looking to getting my mail real quick and get in the house.

Depo. Husmann, p. 100. She was asked:

> Q: What was your intent as you were approaching and coming up to the hose? Were you going to step over it? Step on it? What was your intent?
> ***
> A: I didn't think about it.
> Q: . . . You knew it was there, that it was in a trench area; is that correct?
> ***
> A: "I knew that it was there and there were - - that it was exposed. That's all I can tell you."

Hussman depo. p. 197.

Defendant contends it owed no duty to Plaintiff because the hose was open and obvious. Plaintiff argues for application of recent authority from the Oklahoma Supreme Court and the Tenth Circuit, applying the Oklahoma Supreme Court authority, that modifies the open and obvious analysis in certain limited situations. *See Woods v. Mercedes-Benz of Oklahoma City*, 336 P.2d 457 (2014); *Martinez v. Angel Exploration LLC*, 798 F.3d 968 (2015)(applying *Woods*).

5

The open and obvious doctrine affects the first element for a negligence claim, the existence of a duty. "[A] landowner has no duty to render safe an 'open and obvious' danger. Thus, under longstanding Oklahoma law, a determination that 'under similar or like circumstances an ordinarily prudent person would have been able to see the defect in time to avoid being injured' was dispositive of the landowner's duty." *Martinez*, 798 F.3d at 975 (citing *Scott v. Archon Grp.*, 191 P.3d 1207, 1212 (Okla. 2008)). In *Woods*, the Oklahoma Supreme Court modified the open and obvious doctrine after considering the standard for the existence of a duty in negligence cases.

> One of the most important considerations in establishing a duty is foreseeability. Foreseeability is critical as it determines (1) to whom a duty is owed and (2) the extent of the duty. A defendant owes a duty of care only to foreseeable plaintiffs. As for the extent of the duty, it too is determined in great part by the foreseeability of the injury. Whenever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises.

*Id.* at 459 (quoting *Weldon v. Dunn*, 962 P.2d 1273, 1276 (1998)(citations omitted). The court in *Wood* rejected application of the open and obvious doctrine under the facts of that case, despite the admission by plaintiff that she had observed the icy conditions and knew ice was surrounding the entrance before she slipped and fell. Citing the "peculiar facts" of the case, the court held that the issue of duty could not be determined as a matter of law.

> The accumulation of ice throughout the Mercedes-Benz facility was caused by the activation of the dealer's sprinkler system during freezing temperatures; not by a natural condition. The dealership had notice of the icy conditions surrounding the entire building and knew that Ned's Catering was sending its employees to the facility to cater the business' scheduled event. As such, it was

foreseeable that Ned's Catering employees would encounter the icy hazards created by the sprinkler system and would likely proceed through the dangerous condition in furtherance of their employment.

*Id.* at 460. The court noted that "the icy condition is not dispositive of Mercedes-Benz' duty in this case because Wood was required to cross the hazardous condition in furtherance of her employment. As opposed to a random customer appearing at the dealership, Mercedes-Benz knew that employees of Ned's Catering would be arriving and would be required to enter the building." *Id.* at n. 8.

The Tenth Circuit applied *Wood* in *Martinez*, and held that the obvious absence of a guard did not preclude the plaintiff's negligence claim. "Martinez contends Angel should have anticipated the harm from an unguarded pump jack and thus owed him a duty to warn or otherwise remedy the danger in spite of the fact that it was open and obvious." *Id.* at 977-78. The court affirmed the district court's conclusion that "reasonable minds could not differ as to the open and obvious nature of the unguarded belt." *Id.* at 973. The court concluded it could not affirm summary judgment, however, "because Oklahoma now recognizes an exception to the open and obvious doctrine where a landowner should have reasonably foreseen the harm." *Id.* The court considered application of *Wood* and concluded:

> The reach of Oklahoma's newly recognized exception to the open and obvious doctrine is yet to be determined, but it clearly applies in situations like *Wood* where a business invitee is "present to fulfill [his or] her employer's contractual duty to provide service," the invitee's "presence and exposure to the hazardous condition in furtherance of [his or] her employment," 336 P.3d at 459 n. 6, 460 n. 8; *cf Weaver v. Celebration Station Props., Inc.*, No. H-14-2233, 2015 WL 1932030, at *5 (S.D.Tex. Apr. 28, 2015)(finding *Wood* inapplicable where the plaintiff "was under no obligation to expose herself" to the danger). Viewing the evidence in the light most favorable to *Martinez*, we see no way to

7

> distinguish the *Wood* plaintiff's position with respect to the open and obvious icy condition from Martinez's with respect to the open and obvious unguarded pump jack.

*Id.* at 978.

Although it appears that the Oklahoma Supreme Court has retreated from application of the open and obvious doctrine in certain classes of cases, nothing in either *Martinez* or *Wood* leads the Court to believe that this case would be included in that class. Both *Wood* and *Martinez* relied on the fact, absent here, that the injured party was required to be on the premises for purposes of employment. Although portions of the opinions speak in broad terms about foreseeability, the Oklahoma Supreme Court noted both the peculiar facts of the case, that the open and obvious defense was not abrogated in all cases, and distinguished between the plaintiff, in her capacity as an employee of the caterer working an event for defendant and a random customer that might have been injured. Accordingly, neither case precludes entry of summary judgment in Defendant's favor.

This leaves the remaining argument offered by Plaintiff, which is that on January 2, 2014, Defendant concluded fracking operations and ceased using the hose. As a result, the line was drained and pulled from its trenched position sometime before she tripped and fell. Although Plaintiff was aware generally of the hoses' presence and the trench, she argues that the act of removing the hose from the trench prior to picking it up altered the nature of the hazard such that it was no longer open and obvious. Even considering this argument, the Court nevertheless finds that summary judgment is appropriate for the Defendant.

Plaintiff plainly and unequivocally testified that she knew the hose was on her

driveway on January 3, 2014, the date of her accident, that she had driven over the uninflated hose both on her way to work and from. Although she did not know exactly where the hose was on the driveway that was not a result of it having been relocated by Defendant Terra, but rather was because she had not walked in that area of her driveway since it had been put into place. Plaintiff was aware of the dangerous condition and despite this knowledge chose to attempt to walk to the street in the dark, having just moments before driven over the hose.

> If a danger is actually observed by the plaintiff, courts generally conclude that reasonable minds could not differ as to whether the danger is open and obvious. *See, e.g., Kastning v. Melvin Simon & Assocs., Inc.*, 876 P.2d 239, 240 (Okla.1994) (affirming grant of summary judgment where the plaintiff saw the puddle in front of the toilet and was cautious in attempting to leave toilet stall); *Billings v. Wal–Mart Stores, Inc.*, 837 P.2d 932, 933 (Okla.Civ.App.1992) (affirming grant of summary judgment where the plaintiff saw a speed bump before hitting it). However, if a danger is observable, but not actually observed by the plaintiff, the surrounding facts and circumstances must be considered. *Zagal*, 948 P.2d at 275 ("[T]he characteristic of an item as being observable ... cannot, by itself, require that item to be declared as a matter of law an open and obvious danger."); *Simpson*, 2000 WL 228308, at *1 (same).

*Doyle v. Wal-Mart Stores, Inc.*, No. 13-CV-696-TCK-PJC, 2014 WL 4594737, at *2 (N.D. Okla. Sept. 15, 2014). The Court finds that Defendant Terra is entitled to summary judgment, because Plaintiff had clearly observed the presence of the hose in the month preceding her accident and knew of its presence between her car and the mailbox on January 3, 2014, eliminating any duty on the part of Defendant Terra.

For the reasons set forth above, Defendant Terra's motion for summary judgment is GRANTED.

IT IS SO ORDERED this 16th day of December, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE